UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cr-60296-BB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICARDO VASQUEZ,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Ricardo Vasquez's Emergency Reconsideration Motion to Compassionate Release/Reduction in Sentencing, ECF No. [64] ("Motion"). The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On July 7, 2020, the Court entered an Order denying Defendant's motion for compassionate release, ECF No. [63] ("Order"). The Order explained that the 18 U.S.C. § 3553(a) factors did not favor sentence modification, and he failed to demonstrate "extraordinary and compelling" reasons justifying compassionate release. *See generally id.* Defendant now moves for reconsideration on four bases: (1) "expert analysis to the COVID-19 pandemic;" (2) medical records for "chronic health traits;" (3) a release plan "conducive to a lesser risk for recidivism;" and (4) the impact of Hurricane Laura. ECF No. [64].

The Federal Rules of Criminal Procedure do not provide for motions for reconsideration. In ruling on a motion for reconsideration in a criminal case, federal district courts apply civil standards and exercise substantial discretion. *See United States v. Sabooni*, No. 09-20298-CR,

2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014) (citing *United States v. Pugh*, 426 F. App'x 876, 876 (11th Cir. 2011)). "The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "A motion for reconsideration should not simply rehash previously litigated issues[.]" *United States v. Russo*, No. 11-6337-RSR, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011); *see also Smith*, 488 F. App'x at 428 ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment" (citing *Arthur*, 500 F.3d at 1343)).

Reconsideration is an "extraordinary remedy" that should be "employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1370 (S.D. Fla. 2002). Indeed, to warrant reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted).

Upon review and consideration, the Court does not find a basis to disturb its prior ruling denying Defendant's underlying motion. As an initial matter, the Motion is procedurally improper in that it runs afoul of Local Rule 7.1(d), which governs emergency motions. Local Rule 7.1(d)(1) directs that a filer requesting emergency action "must set forth in detail the nature of the emergency, the date by which a ruling is necessary, and the reason the ruling is needed by the stated date." *Id.* The filer, moreover, must "certify that the matter is a true emergency" by including certain language above the motion's signature block. Here, Defendant fails to comply with these

requirements set forth in the Local Rule. The Motion can be denied on this basis alone. *See id.* (explaining that the "unwarranted designation of a motion as an emergency motion may result in sanctions" and that an "unwarranted certification may lead to sanctions"). Nonetheless, even considering Defendant's arguments and materials, they fail to convince the Court to reconsider its ruling.

First, Defendant presents no newly-discovered evidence or grounds for the Court to conclude that a manifest error of law or fact was made. Second, while Defendant explains that other courts around the country have characterized FCI Oakdale I as a COVID-19 "hotspot," a fact previously noted in the Order, as of September 17, 2020, only twelve staff members and zero inmates are active COVID-19 cases at FCI Oakdale I.[1] But more importantly, Defendant's medical records supplied in the Motion confirm *again* that—since the Order was entered—Defendant has retested negative for the virus on multiple occasions. *See* ECF No. [64] at 13-17, 33 (negative test as of May 18, 2020, June 15, 2020, July 10, 2020, and July 19, 2020). Third, Defendant's own description of Hurricane Laura's impact to the correctional facility demonstrates that the hurricane damage incurred was far from "extraordinary and compelling." Indeed, he describes routine damage, such as a temporary power-outage, the need for "patch-work repairs," and "quick fixes" to the roof of two housing units. Additionally, he notes that FCI Oakdale's "plan of action" is to temporarily move one housing unit at a time to an empty housing unit while repairs are made. *Id.* at 54-55. None of these matters are cause for reconsidering the Order.

While the Court is sympathetic to Defendant's health conditions, it again notes that Defendant has not presented medical documentation or reports reflecting that any of his medical

---

[1] *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited September 17, 2020).

issues cannot be medically managed, that they are terminal, or that they substantially diminish his ability to provide self-care within the correctional facility environment. Likewise, Defendant again fails to demonstrate that his medical conditions are particularly severe or likely to heighten his susceptibility to COVID-19. Further, he again fails to persuade the Court that current procedures in place or resources available at FCI Oakdale I are insufficient to protect him and other individuals from the virus. Finally, the Court again notes that Defendant fails to present evidence that his health conditions are deteriorating. The Motion, therefore, is deficient procedurally and substantively unwarranted.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [64]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 18, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of record

Ricardo Vasquez
14085-104
Oakdale FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 5000
Oakdale, LA 71463