UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cr-60296-BB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICARDO VASQUEZ,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Ricardo Vasquez's Emergency Motion for Sentence Reduction Bearing Effect to the COVID-19 Pandemic at Federal Prison Oakdale, Louisiana, ECF No. [67] ("Motion"). The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On July 7, 2020, the Court entered an Order denying Defendant's motion for compassionate release, ECF No. [63] ("Order"). The Order explained that the 18 U.S.C. § 3553(a) factors did not favor sentence modification, and he failed to demonstrate "extraordinary and compelling" reasons justifying compassionate release. *See generally id.* On September 17, 2020, Defendant moved for reconsideration of the Order on four bases: (1) "expert analysis to the COVID-19 pandemic;" (2) medical records for "chronic health traits;" (3) a release plan "conducive to a lesser risk for recidivism;" and (4) the impact of Hurricane Laura. ECF No. [64] ("Motion for Reconsideration"). On September 18, 2020, the Court denied the Motion for

Reconsideration, explaining that it was both procedurally improper and substantively without merit. ECF No. [66] ("Order on Reconsideration").

Defendant now moves a third time for compassionate release. ECF No. [67]. Upon review, the Court finds the Motion unwarranted—procedurally and substantively—and finds no basis to disturb its prior rulings. Just like with the Motion for Reconsideration, the Motion is procedurally improper in that it runs afoul of Local Rule 7.1(d), which governs emergency motions. Local Rule 7.1(d)(1) directs that a filer requesting emergency action "must set forth in detail the nature of the emergency, the date by which a ruling is necessary, and the reason the ruling is needed by the stated date." *Id.* The filer, moreover, must "certify that the matter is a true emergency" by including certain language above the motion's signature block. Here, Defendant fails to comply with these requirements set forth in the Local Rule. The Motion can be denied on this basis alone. *See id.* (explaining that the "unwarranted designation of a motion as an emergency motion may result in sanctions" and that an "unwarranted certification may lead to sanctions").

When a party certifies a motion as an emergency, "it is akin to sounding an alarm in the chambers of the district court judge and the magistrate judge assigned to the case." *VMR Prod., LLC v. Elec. Cigarettes Outlet, LLC*, No. 12-23092, 2013 WL 5567320, at *1 (S.D. Fla. Oct. 3, 2013). The Court and judicial staff must immediately set other matters aside to quickly address the emergency. *Id.* Examples of a bona fide emergency include "risks to the health and safety of individuals, situations where a person is about to be deported, scenarios involving the imminent destruction of property, circumstances under which a business is in real danger of immediate failure or significant financial collapse, or cases where someone is at risk of being denied an essential service." *Id.* The grounds raised in the Motion do not constitute an emergency.

Even if the Court were to consider Defendant's arguments, he *again* fails to convince the Court to reexamine the Order or the Order on Reconsideration. In this respect, Defendant presents no newly-discovered evidence or grounds for the Court to conclude that he is entitled to compassionate release. Since the Court entered its most recent order on this issue less than three weeks ago, he has not come forth with anything to change the Court's analysis. While the Court remains sympathetic to Defendant's health conditions, it *again* notes that Defendant has not contracted COVID-19, and he has not presented medical documentation or reports reflecting that any of his medical issues cannot be medically managed, that they are terminal, or that they substantially diminish his ability to provide self-care within the correctional facility environment. Likewise, Defendant *again* fails to persuade the Court that current procedures in place or resources available at FCI Oakdale I are insufficient to protect him from the virus. Finally, the Court notes that Defendant fails to present evidence that his health conditions are deteriorating. The Motion, therefore, is deficient procedurally and substantively unwarranted.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [67]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 7, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of record

Case No. 16-cr-60296-BB

Ricardo Vasquez
14085-104
Oakdale FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 5000
Oakdale, LA 71463